# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUANGHUA ZHU | : | |
| 10440 Deerwood Road | : | USDC - CIVIL ACTION |
| Houston, TX 77042 | : | |
| | : | |
| v. | : | |
| | : | NO.:  21-CV-1131 |
| RAISER, LLC | : | |
| c/o CT Corporation System | : | |
| 600 North 2nd Street, Suite 400 | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| UBER TECHNOLOGIES, INC. | : | |
| c/o CT Corporation System | : | |
| 600 North 2nd Street, Suite 400 | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| ISAM ELBAROUKI | : | |
| 1230 Fitzgerald Street | : | |
| Philadelphia, PA 19148 | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2021, upon consideration of

the uncontested Motion of Defendants, Rasier, LLC and Uber Technologies, Inc., to Remand this

case to the Philadelphia Court of Common Pleas, it is hereby ORDERED that the Motion is

GRANTED and this matter is REMANDED to the Philadelphia County Court of Common Pleas

from which it was removed.

BY THE COURT

_____
                                                        J.

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

GUANGHUA ZHU                                :
10440 Deerwood Road                         :        USDC - CIVIL ACTION
Houston, TX 77042                           :
                                            :
        v.                                  :
                                            :        NO.:   21-CV-1131
RAISER, LLC                                 :
c/o CT Corporation System                   :
600 North 2nd Street, Suite 400             :
Harrisburg, PA 17101                        :
        and                                 :
UBER TECHNOLOGIES, INC.                     :
c/o CT Corporation System                   :
600 North 2nd Street, Suite 400             :
Harrisburg, PA 17101                        :
        and                                 :
ISAM ELBAROUKI                              :
1230 Fitzgerald Street                      :
Philadelphia, PA 19148                      :

### UNCONTESTED MOTION TO REMAND OF DEFENDANTS,
### RASIER, LLC AND UBER TECHNOLOGIES, INC.

Defendants, Rasier, LLC (incorrectly identified as "Raiser, LLC") and Uber Technologies, Inc., ("Moving Defendants") by and through their undersigned counsel, Vaughan Baio & Partners, hereby file this Uncontested Motion to Remand pursuant to 28 U.S.C. Section 1447, averring as follows:

1.      On March 9, 2021, Moving Defendants filed a Notice of Removal removing this case from the Philadelphia County Court of Common Pleas to this Honorable Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1446(a). A true and correct copy of the Notice of Removal is attached hereto as Exhibit "A."

2.      At the time of the filing of the Notice of Removal, Moving Defendants had no information or knowledge that resident defendant, Isam Elbarouki, had been served with Plaintiff's Complaint. On the contrary, reasonable investigation suggested that he had not been served.

3.      On March 17, 2021, Plaintiff's counsel filed an Affidavit of Service in the Philadelphia County Court of Common Pleas confirming that Defendant Elbarouki had been properly served with the Complaint earlier in the day on March 9, 2021, prior to the filing of the Notice of Removal.

4.      Accordingly, Moving Defendants, with the agreement of all counsel, files the within Uncontested Motion to Remand this case back to the Philadelphia County Court of Common Pleas from which it was removed, as it now appears that this action was not removable due to prior service on Defendant Elbarouki.

**WHEREFORE**, based upon the foregoing, Defendants, Rasier, LLC and Uber Technologies, Inc., respectfully request that this Honorable Court enter the proposed Order attached hereto and remand this case to the Philadelphia County Court of Common Pleas.

Respectfully submitted,

**VAUGHAN BAIO & PARTNERS**

**By:**

_____

Date:   March 19, 2021
        Paul J. Nordeman, Esquire
        Attorney for Defendants,
         Rasier, LLC and Uber
         Technologies, Inc.
        Attorney I.D. No.:  317308
        Two Logan Square
        100 N. 18th Street, Suite 700
        Philadelphia, PA19103
        T:  215-569-2400  F:  215-665-8300
        pnordeman@vaughanbaio.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Uncontested Motion to Remand was electronically filed and served on all counsel of record via the Court's Electronic Filing System and/or on unrepresented party by way of electronic mail or U.S. Mail, postage pre-paid on ___March 19, 2021._____

Respectfully submitted,

**VAUGHAN BAIO & PARTNERS**

BY:_____

Paul J. Nordeman, Esquire
Attorney for Defendants,
Rasier, LLC and Uber
Technologies, Inc.
Attorney I.D. No.: 317308
Two Logan Square
100 N. 18th Street, Suite 700
Philadelphia, PA19103
T: 215-569-2400  F: 215-665-8300
pnordeman@vaughanbaio.com

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUANGHUA ZHU | : | |
| 10440 Deerwood Road | : | COURT OF COMMON PLEAS |
| Houston, TX 77042 | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | FEBRUARY TERM, 2021 |
| | : | NO. 01109 |
| RAISER, LLC | : | |
| c/o CT Corporation System | : | |
| 600 North 2nd Street, Suite 400 | : | |
| Harrisburg, PA 17101 | : | |
| and | : | USDC - CIVIL ACTION |
| UBER TECHNOLOGIES, INC. | : | NO.:  **21-CV-1131** |
| c/o CT Corporation System | : | |
| 600 North 2nd Street, Suite 400 | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| ISAM ELBAROUKI | : | |
| 1230 Fitzgerald Street | : | |
| Philadelphia, PA 19148 | : | |

## NOTICE OF REMOVAL

TO THE CLERK OF COURTS:

Defendants, Rasier, LLC (incorrectly identified as "Raiser, LLC") and Uber Technologies, Inc., ("Moving Defendants") by and through their undersigned counsel, Vaughan Baio & Partners, hereby file this Notice of Removal pursuant to 28 U.S.C. § 1446(a), averring as follows:

1.      On February 11, 2021, Plaintiff, Guanghua Zhu, filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania which was docketed as February Term, 2021, Civil Action No. 01109 ("State Court Action") against Moving Defendants and Isam Elbarouki. *A true and correct copy of Plaintiff's Complaint is attached hereto as* Exhibit "A."

2.      Plaintiff seeks damages for injuries allegedly sustained as a result of a motor vehicle accident which occurred on or about February 12, 2019, at or near mile marker 3.9 of Interstate 295 in Middletown, Pennsylvania. *See* Exhibit "A" at ¶ 5.

3.  Plaintiff alleges that as a result of the subject accident she sustained "severe, permanent, and disabling personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of her body as well as severe emotional upset, any and all of which are or may be permanent and all of which caused her great physical pain and mental anguish, with respect to the following, including but not limited to: fracture of lower end of right radius, distal radial fracture of right wrist, right wrist ulnocarpal impaction, impingement syndrome of right shoulder, stiffness of right wrist, stiffness in right shoulder, pain in right shoulder, complex regional pain syndrome of right upper limb, acromioclavicular osteoarthritis of the right shoulder, degenerative changes of the right acromioclavicular joint, trace fluid in the subacromial subdeltoid bursa consistent with minimal bursitis, frozen right shoulder, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known."  Exhibit "A" at ¶ 10.

4.  Plaintiff seeks damages in excess of the state court arbitration limit of fifty thousand dollars. *See* Exhibit "A" at "Wherefore Clause".

5.  Plaintiff alleges she resides at 10440 Deerwood Road, Houston, Texas, 77042. Plaintiff is therefore a citizen of the State of Texas. *See* Exhibit "A" at ¶ 1.

6.  Defendant, Rasier, LLC (incorrectly identified as "Raiser, LLC), is a Delaware limited liability company with a principal place of business in California and is therefore a citizen of the States of Delaware and California.

7.  Defendant, Uber Technologies, Inc., is a Delaware corporation with a principal place of business in California and is therefore a citizen of the States of Delaware and California.

8.      Defendant, Isam Elbarouki, has not yet been served with process in the State Court Action.

9.      Based on the allegations of the Complaint, it is believed and therefore averred that the amount in controversy exceeds the jurisdictional limits for removal of Seventy-Five Thousand Dollars ($75,000) as required by 28 U.S.C. §1332(a). Specifically, Plaintiff alleges she sustained severe, permanent and disabling injuries to her right wrist, arm and shoulder as set forth more fully in her Complaint and demands judgment against Defendants in an amount in excess of the State Court limit for arbitration matters of Fifty Thousand Dollars ($50,000.00).

10.     Removal is therefore based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Moving Defendants are citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

11.     Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Eastern District of Pennsylvania for purposes of removal because the pending State Court Action was filed within the District and the Complaint alleges that the incident occurred within the District.

12.     This Notice of Removal is timely filed pursuant to 28 U.S.C. Section 1446(b) in that it is being filed within thirty (30) days after service of Plaintiff's Complaint on Moving Defendants.

13.     By filing this Notice of Removal, Moving Defendants do not intend to waive their right to petition this Court to enforce any arbitration agreement between them and Plaintiff if Plaintiff does not voluntarily agree to do so.

**WHEREFORE**, based upon the foregoing, Defendants, Rasier, LLC and Uber Technologies, Inc., hereby remove this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**VAUGHAN BAIO & PARTNERS**

**By:** _____

Date: __March 9, 2021_____

Paul J. Nordeman, Esquire
Attorney for Defendants,
Rasier, LLC and Uber
Technologies, Inc.
Attorney I.D. No.: 317308
Two Logan Square
100 N. 18th Street, Suite 700
Philadelphia, PA 19103
T: 215-569-2400  F: 215-665-8300
pnordeman@vaughanbaio.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing Notice of Removal was electronically filed and served on all counsel of record via the Court's Electronic Filing System and/or on unrepresented party by way of electronic mail or U.S. Mail, postage pre-paid on ____March 9, 2021_____.

Respectfully submitted,

**VAUGHAN BAIO & PARTNERS**

BY:_____/s/ Paul J. Nordeman_____

     Paul J. Nordeman, Esquire
     Attorney for Defendants,
     Rasier, LLC and Uber
     Technologies, Inc.
     Attorney I.D. No.:  317308
     Two Logan Square
     100 N. 18th Street, Suite 700
     Philadelphia, PA19103
     T:  215-569-2400  F:  215-665-8300
     pnordeman@vaughanbaio.com

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

FEBRUARY 2021

E-Filing Number: 2102022286

001109

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| GUANGHUA ZHU | UBER TECHNOLOGIES, INC., ALIAS: C/O CT CORPORATION SYSTEM |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 10440 DEERWOOD ROAD HOUSTON TX 77042 | 600 NORTH 2ND STREET SUITE 400 HARRISBURG PA 17101 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | RAISER, LLC, ALIAS: C/O CT CORPORATION SYSTEM |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 600 NORTH 2ND STREET SUITE 400 HARRISBURG PA 17101 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | ISAM ELBAROUKI |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 1230 FITZGERALD STREET PHILADELPHIA PA 19148 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal |
| | | ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Commerce ☐ Settlement |
| ☒ More than $50,000.00 | ☐ Jury | ☐ Savings Action | ☐ Minor Court Appeal ☐ Minors |
| | ☒ Non-Jury | ☐ Petition | ☐ Statutory Appeals ☐ W/D/Survival |
| | ☐ Other: | | |

| CASE TYPE AND CODE |
|---|
| 2V - MOTOR VEHICLE ACCIDENT |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | FILED PRO PROTHY FEB 11 2021 G. IMPERATO | YES        NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GUANGHUA ZHU

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| SETH A. BRITTEN | COOPER SCHALL & LEVY 2000 MARKET ST SUITE 1400 PHILADELPHIA PA 19103 |
| **PHONE NUMBER** (215)561-3313 | **FAX NUMBER** (215)246-0693 | |
| **SUPREME COURT IDENTIFICATION NO.** 321513 | **E-MAIL ADDRESS** sbritten@cslattorneys.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** *SETH BRITTEN* | **DATE SUBMITTED** Thursday, February 11, 2021, 03:59 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COOPER SCHALL & LEVY**
By: Charles S. Cooper, Esquire
Atty. I.D. # 46568
By: Seth A. Britten, Esquire
Atty. I.D. # 321513
2000 Market Street
Suite 1400
Philadelphia, PA 19103
(215)561-3313

Filed and Attested by the
Office of Judicial Records
**Attorneys for Plaintiff**

| | | |
|---|---|---|
| **GUANGHUA ZHU** | : | **COURT OF COMMON PLEAS** |
| 10440 Deerwood Road | : | **PHILADELPHIA COUNTY** |
| Houston, TX 77042 | : | |
| | : | **FEBRUARY TERM 2021** |
| **Plaintiff** | : | |
| | : | **NO.** |
| **v.** | : | |
| | : | |
| **RAISER, LLC** | : | |
| c/o CT Corporation System | : | |
| 600 North 2nd Street, Suite 400 | : | |
| Harrisburg, PA 17101 | : | |
| | : | |
| **UBER TECHNOLOGIES, INC.** | : | |
| c/o CT Corporation System | : | |
| 600 North 2nd Street, Suite 400 | : | |
| Harrisburg, PA 17101 | : | |
| | : | |
| **And** | : | |
| | : | |
| **ISAM ELBAROUKI** | : | |
| 1230 Fitzgerald Street | : | |
| Philadelphia, PA 19148 | : | |
| **Defendants** | : | |

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted. |

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA COUNTY BAR ASSOCIATION
Lawyer Referral & Information Service
One Reading Center, 1101 Market Streets
Philadelphia, Pennsylvania 19107
(215) 238-1701

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servico De Referencia E Informacion Legal
One Reading Center, 1101 Market Streets
Filadelfia, Pennsylvania 19107
(215) 238-1701

Case ID: 210201109

**COOPER SCHALL & LEVY**
By: Charles S. Cooper, Esquire
Atty. I.D. # 46568
By: Seth A. Britten, Esquire
Atty. I.D. # 321513
2000 Market Street
Suite 1400
Philadelphia, PA 19103
(215)561-3313

**Attorneys for Plaintiff**

| | | |
|---|---|---|
| **GUANGHUA ZHU** | : | **COURT OF COMMON PLEAS** |
| 10440 Deerwood Road | : | **PHILADELPHIA COUNTY** |
| Houston, TX 77042 | : | |
| | : | **FEBRUARY TERM 2021** |
| **Plaintiff** | : | |
| **v.** | : | **NO.** |
| | : | |
| **RAISER, LLC** | : | |
| c/o CT Corporation System | : | |
| 600 North 2nd Street, Suite 400 | : | |
| Harrisburg, PA 17101 | : | |
| | : | |
| **UBER TECHNOLOGIES, INC.** | : | |
| c/o CT Corporation System | : | |
| 600 North 2nd Street, Suite 400 | : | |
| Harrisburg, PA 17101 | : | |
| | : | |
| **And** | : | |
| | : | |
| **ISAM ELBAROUKI** | : | |
| 1230 Fitzgerald Street | : | |
| Philadelphia, PA 19148 | : | |
| **Defendants** | : | |

## CIVIL ACTION COMPLAINT
## NEGLIGENCE – MOTOR VEHICLE ACCIDENT

1.      Plaintiff, Guanghua Zhu, is an adult individual residing at the above-captioned

address.

2.      Defendant, Raiser, LLC, is a limited liability company, organized and existing

under the laws of the State of Delaware, and doing business under the laws of the

Commonwealth of Pennsylvania, with an address for service of process located at the above captioned address.

       3.      Defendant, Uber Technologies, LLC (hereinafter referred to at times as "Uber"), is a limited liability company, organized and existing under the laws of the State of Delaware, and doing business under the laws of the Commonwealth of Pennsylvania, with an address for service of process located at the above captioned address.

       4.      Defendant, Isam Elbarouki, is an adult individual residing at the above-captioned address.

       5.      On or about February 12, 2019, Plaintiff was a passenger in a vehicle owned and operated by Defendant, Isam Elbarouki, who was operating as an agent and/or work person of Defendants, Raiser LLC and Uber when, while traveling in the left eastbound lane of Interstate 295 at or near mile marker 3.9, Borough of Middletown, County of Bucks, Commonwealth of Pennsylvania, Defendant Elbarouki, who was driving at a speed too fast for the weather conditions, lost control of his vehicle and traveled off the roadway, striking an embankment on his right, which redirected Defendants' vehicle towards a concrete bridge abutment, which Defendants' vehicle violently collided with, resulting in the vehicle flipping onto its roof, and causing severe and permanent injury to Plaintiff, as is set forth more fully at length below.

       6      At all relevant times hereto, Defendants acted by and through their agents, work persons, employees and/or servants then and there acting within the course and scope of their authority, duties and/or employment for Defendants.

       7.      This accident was caused solely from the negligence, carelessness, and/or recklessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

## COUNT I – NEGLIGENCE
## ZHU v. DEFENDANTS

8.      Plaintiff hereby incorporates Paragraphs 1-7 as if same were set forth at length herein.

9.      The negligence, careless, and/or recklessness of Defendants, herein consisted of any and all of the following:

      (a)     failure to properly operate said vehicle;
      (b)     failure to remain in a single lane;
      (c)     failure to apply his breaks sufficiently in time to avoid an accident;
      (d)     failure to properly calculate distance of embankment and/or abutment with respect to his vehicle;
      (e)     failure to drive at a reasonable speed;
      (f)     failure to remain in control of his vehicle;
      (g)     failure to use all prudent and necessary care for vehicular travel under the circumstances;
           failure to appreciate the dangerous weather conditions and drive carefully in light of same;
           failure to take reasonable precautions given the dangerous weather conditions;
      (h)     violating applicable ordinances and codes for the Commonwealth of Pennsylvania and such other statutes and case law governing the operation of motor vehicles on the streets and highways; and
      (i)     such other acts of negligence, carelessness, and/or recklessness as may be adduced through discovery or at trial.

10.      Due to all foregoing, Plaintiff suffered severe, permanent, and disabling personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of her body as well as severe emotional upset, any and all of which are or may be permanent and all of which caused her great physical pain and mental anguish, with respect to the following, including but not limited to: fracture of lower end of right radius, distal radial fracture of right wrist, right wrist ulnocarpal impaction, impingement syndrome of right shoulder, stiffness of right wrist, stiffness in right shoulder, pain in right shoulder, complex regional pain syndrome of right upper limb, acromioclavicular osteoarthritis of the right shoulder, degenerative changes of the right

Case ID: 210201109

acromioclavicular joint, trace fluid in the subacromial subdeltoid bursa consistent with minimal bursitis, frozen right shoulder, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

11.     As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future.

12.     As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

13.     Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

14.     As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

15.     As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

**WHEREFORE,** Plaintiff, Guanghua Zhu, demands judgment against Defendants, Raiser LLC, Uber and Isam Elbarouki, for damages, together with interest and cost of suit.

COOPER SCHALL & LEVY

*/s/ Seth A. Britten*

_____
CHARLES S. COOPER, ESQUIRE
SETH A. BRITTEN, ESQUIRE
Attorneys for Plaintiff

Dated: February 11, 2021

**V E R I F I C A T I O N**

I hereby verify that I am counsel for the Plaintiff in the within action and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that the foregoing Verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*/s/ Seth A. Britten*

CHARLES S. COOPER, ESQUIRE
SETH A. BRITTEN, ESQUIRE
Attorney for Plaintiff

Dated: February 11, 2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**   County of Residence of First Listed Plaintiff
                                    *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
                                    *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
               THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
          Plaintiff

❏ 3   Federal Question
          *(U.S. Government Not a Party)*

❏ 2   U.S. Government
          Defendant

❏ 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury  - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
          Proceeding

❏ 2   Removed from
          State Court

❏ 3   Remanded from
          Appellate Court

❏ 4   Reinstated or
          Reopened

❏ 5   Transferred from
          Another District
          *(specify)*

❏ 6   Multidistrict
          Litigation -
          Transfer

❏ 8   Multidistrict
          Litigation -
          Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN
            COMPLAINT:

❏   CHECK IF THIS IS A **CLASS ACTION**
     UNDER RULE 23, F.R.Cv.P.

DEMAND $   excess of

CHECK YES only if demanded in complaint:
**JURY DEMAND:**        ❏ Yes     ❏No

## VIII.  RELATED CASE(S)
              IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Paul J. Nordeman*    Paul  J. Nordeman

**FOR OFFICE USE ONLY**

RECEIPT #

AMOUNT

APPLYING IFP

JUDGE

MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
   United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
   Original Proceedings.  (1) Cases which originate in the United States district courts.
   Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
   Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
   Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

*/s/ Paul J. Nordeman*

DATE: _____          Must sign here _____          _____
                                          *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**     *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☐  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
        *(Please specify): _____*

**B.**     *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify): _____*
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
        *(Please specify): _____*

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

*/s/ Paul J. Nordeman*

DATE: _____          Sign here if applicable _____          _____
                                          *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUANGHUA ZHU | : | |
| 10440 Deerwood Road | : | COURT OF COMMON PLEAS |
| Houston, TX 77042 | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | FEBRUARY TERM, 2021 |
| | : | NO. 01109 |
| RAISER, LLC | : | |
| c/o CT Corporation System | : | |
| 600 North 2nd Street, Suite 400 | : | |
| Harrisburg, PA 17101 | : | |
| and | : | USDC - CIVIL ACTION |
| UBER TECHNOLOGIES, INC. | : | |
| c/o CT Corporation System | : | NO.:__21-CV-1131_____ |
| 600 North 2nd Street, Suite 400 | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| ISAM ELBAROUKI | : | |
| 1230 Fitzgerald Street | : | |
| Philadelphia, PA 19148 | : | |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management

by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                                                                   ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.                ( )

__March 9, 2021__          _____          [signature]
**Date**                              **Attorney-at-law**                        **Paul J. Nordeman, Esquire**
                                                                                      **Attorney for Defendants,**
                                                                                      **Rasier, LLC and Uber Technologies, Inc.**

__215-569-2400__          __215-665-8300__          pnordeman@vaughanbaio.com
**Telephone**                        **Fax Number**                          **E-Mail Address**

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)          The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)          In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)          The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)          Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)          Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

     Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.